UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMAUD JAMAL RICE, #741949,

        Petitioner,

                            CASE NO. 5:14-CV-13786
v.                            HON. JOHN CORBETT O'MEARA

RANDALL HAAS,

        Respondent.
                                        /

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Amaud Jamal Rice ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement. Petitioner pleaded no contest to armed robbery, MICH. COMP. LAWS § 750.529, assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, in the Kent County Circuit Court. He was sentenced to 11 to 40 years imprisonment on the armed robbery conviction, a concurrent term of 5 to 10 years imprisonment on the assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2009.

In his pleadings, Petitioner raises a claim concerning the lack of legal counsel at his initial arraignment. Petitioner states that he did not pursue a direct appeal of his convictions and indicates that he has not presented his habeas claim to the state courts. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a

certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Analysis**

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted his habeas claim in the Michigan courts before proceeding in this Court on federal habeas review. Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 *et seq.* and seek further review in the state appellate courts as necessary. The

unexhausted claim should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

A stay, however, is unwarranted here. First, Petitioner does not request a stay nor assert that his circumstances justify a stay – and his only claim is unexhausted. Second, the habeas petition appears to already be untimely under the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), because Petitioner waited more than one year after his convictions became final to institute this action such that a non-prejudicial dismissal will not further affect the timeliness of the petition. Third, even assuming that Petitioner has not engaged in "intentionally dilatory tactics," he has not shown good cause for failing to exhaust his claim in the state courts before seeking habeas relief in federal court. Lastly, Petitioner's unexhausted claim concerns a matter of federal law which may not be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## III.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not presented his habeas claims to the state courts before filing this action, that he must exhaust his claim in the state courts

before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the timeliness or the merits of Petitioner's claim.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

   **IT IS SO ORDERED**.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: October 8, 2014

   I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 8, 2014, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager

4